883 F.2d 74
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jackie Lee CHILDS, Plaintiff-Appellant,
v.
George M. LITTLE, James H. Rose, Otie Jones, Warden, Gary
Murray, Cpl., Deborah A. Williams, Tommy Siskaug, Defendants,
Sammie Carson, Defendant-Appellee.
 No. 89-5063.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 Before ENGEL, Chief Judge; NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Jackie Lee Childs, a pro se Tennessee prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On October 4, 1987 while an inmate at the Brushy Mountain State Prison, plaintiff was issued a misconduct report for touching the breast of a female prison employee and charged with sexual assault. The next day defendant Carson, senior security officer that day, authorized Childs' placement in administrative segregation pending his disciplinary hearing on October 7, 1987, which was conducted by defendants Murray, Williams and Siskaug. During the hearing, Childs was represented by an inmate advisor, testified in his own behalf and was allowed to call witnesses. The hearing board found him guilty of sexual assault and sentenced him to five days in punitive segregation. The board also recommended that plaintiff's job be changed and that the matter be investigated by internal affairs. Childs' appeals to defendant Warden Jones and to defendants Rose and Little were denied.
 
 
 3
 Thereafter, Childs filed this lawsuit seeking monetary and injunctive relief and arguing that his due process and equal protection rights under the fourteenth amendment had been violated. Specifically, Childs alleged: 1) he was placed in administrative segregation on October 5, 1987, without first being afforded a hearing; 2) the disciplinary board members did not provide him with an adequate written statement of the evidence relied upon and the reasons for their decision; 3) there was insufficient evidence to support the board's decision; 4) the board members, on their own initiative, arbitrarily classified sexual assault as a Class A infraction; 5) defendants Rose and Little failed to take corrective action during the appeals process; and, 6) he was denied equal protection because the board members were all white. The district court initially dismissed all the defendants except Carson finding that the disciplinary hearing itself and the appeals process afforded Childs with all the procedural protection to which he was entitled. Subsequently, the court granted Carson's motion for summary judgment finding no due process violation in Childs' placement in administrative segregation on October 5, 1987, because he was given a hearing within a reasonable time after his placement.
 
 
 4
 Upon review, we affirm the district court's judgment. The incident occurred on October 4, 1987; on this same day Childs received his misconduct report. The next day he was placed in administrative segregation and thereafter was given his disciplinary hearing on October 7, 1987, where he was represented by an inmate advisor, testified in his own behalf and was allowed to call witnesses. The disciplinary board found him guilty of sexual assault and provided Childs with a written statement outlining the substance of each witness' testimony, its finding of guilt and the punishment imposed. Under these circumstances, we conclude that the procedures utilized were sufficient to protect Childs' due process rights. See Hewitt v. Helms, 459 U.S. 460, 472 (1983); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 
 5
 Regarding Childs' individual claims, there was no requirement that he be provided with a hearing before being placed in administrative segregation because both Hewitt and prison policy directive No. 502.01 authorize an inmate's placement in administrative segregation prior to his receiving a disciplinary hearing. See Hewitt, 459 U.S. at 475. We also conclude that there was adequate evidence in the record to support the board's decision in that the female prison employee did in fact testify that Childs touched her breast. See Superintendent, Mass.Corr.Inst. v. Hill, 472 U.S. 445, 455 (1985). As such, defendants Rose and Little properly denied plaintiff's appeals. Further, Childs' allegation that the board arbitrarily classified sexual assault as a Class A infraction is refuted by the record in that the offense was so classified as of January 1, 1982, in policy directive No. 502.02. Lastly, Childs' blanket statement that he was denied equal protection because the board members were all white is insufficient to state a cause of action as plaintiff does not allege that the board's decision was racially motivated. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987); Poe v. Haydon, 853 F.2d 418, 430 (6th Cir.1988), cert. denied, 109 S.Ct. 788 (1989).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.